**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| BRISA DOLORES NORIEGA VILLANUEVA, | No. 19-70750 |
| Petitioner, | Agency No. A089-851-972 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 3, 2021**
Pasadena, California

Before: GRABER, MILLER, and LEE, Circuit Judges.

Petitioner Brisa Dolores Noriega Villanueva, a native and citizen of Mexico,

seeks review of the Board of Immigration Appeals' ("BIA") decision affirming the

immigration judge's ("IJ") denial of withholding of removal and protection under

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the Convention Against Torture ("CAT").  We deny the petition as to Petitioner's claim for CAT relief and remand as to the withholding claim.

1.  Substantial evidence does not support the BIA's conclusion that Petitioner failed to establish a nexus between the harm she suffered and a protected ground.  Tamang v. Holder, 598 F.3d 1083, 1088 (9th Cir. 2010) (stating standard of review).

The agency permissibly found that a police officer attacked Petitioner for a personal reason:  the officer believed, mistakenly, that Petitioner was romantically tied to the father of the officer's child.  See Pagayon v. Holder, 675 F.3d 1182, 1191 (9th Cir. 2011) (per curiam) ("A personal dispute is not, standing alone, tantamount to persecution based on [a protected ground].").  Indeed, Petitioner testified that the officer called her a "whore" and accused her of "g[etting] involved with my man."  Petitioner argues that, even if the police officer initially targeted her for a personal reason, the officer later threatened her because of her anti-corruption political opinion or her membership in a particular social group of members of the National Action Party.  But we are not compelled to adopt Petitioner's interpretation of the record given the lack of evidence that the officer targeted Petitioner because of that opinion or because of her group membership. See Leon-Hernandez v. INS, 926 F.2d 902, 904 (9th Cir. 1991) ("[T]he possibility

2

of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." (alteration in original) (internal quotation marks omitted)).

But as to Petitioner's other claim, the agency impermissibly found that the death threat Petitioner received from a member of a drug cartel bore no nexus to a proposed protected ground. The agency reasoned that the death threat reflected the cartel member's effort to avoid detection by law enforcement. But there is sufficient evidence that the cartel member was motivated to threaten Petitioner because she had witnessed the crime. After Petitioner saw the cartel member shoot another man, he then held a gun to her head and threatened to kill her if she spoke to the police about the incident. See Barajas-Romero v. Lynch, 846 F.3d 351, 358–60 (9th Cir. 2017) (discussing mixed-motive persecution). That threat was effective: Petitioner was too frightened to tell the police about the shooting.

Petitioner argues that she is a member of the particular social group of witnesses to cartel crimes in Mexico and that the threat she received was on account of her membership in that proposed social group. Because the BIA did not address the cognizability of Petitioner's proposed social group, that question is not before us. See Najmabadi v. Holder, 597 F.3d 983, 986–87 (9th Cir. 2010) (noting that our review is limited to the grounds on which the BIA relied). Thus, we

3

remand to the BIA for it to consider the cognizability of Petitioner's proposed social group of witnesses to cartel crimes in Mexico.

2. Substantial evidence supports the denial of CAT relief because Petitioner did not show that it was more likely than not that she would be tortured if returned to Mexico. See Shrestha v. Holder, 590 F.3d 1034, 1048 (9th Cir. 2010) (stating standard of review). After allies of the officer showed up at Petitioner's sister's home, the sister relocated safely within the country. Additionally, Petitioner has not been contacted by either the police officer or cartel member since 2002; there is no evidence that either is looking for Petitioner.

Parties shall bear their own costs on appeal.

**PETITION DENIED IN PART; GRANTED IN PART AND REMANDED**.